OPINION
{¶ 1} Defendant-appellant/cross-appellee, Virgil Hill, appeals the decision of the Clermont County Court of Common Pleas, Domestic Relations Division, modifying, but not eliminating his spousal support obligation. Virgil, who was 60 years old at the time of the trial court's hearing on his motion, and plaintiff-appellee/cross-appellant, Darlene Hill nka Madden, 57, were granted a decree of divorce on March 30, 2001, after a 22-year marriage. In the decree of divorce, the court ordered Virgil to pay $3,150 per month for spousal support until the death of either party, or Darlene's remarriage or cohabitation with a person of the opposite sex. The court added that it would not reserve jurisdiction over the amount of spousal support with two exceptions: 1) when Virgil retires from Federated Department Stores, Inc.; or 2) there is a significant change of circumstances that inhibits his ability to earn income.
 {¶ 2} As a result of his retirement, and subsequent decrease in salary, Virgil sought to terminate his spousal support obligations on the basis of a change in circumstances. The domestic relations court found that there was a substantial change in circumstances which would justify a decrease in, but not a termination of Virgil's spousal support payments. The court also retained jurisdiction to modify the amount of spousal support in light of any future significant changes of circumstance. On appeal, Virgil argues that the trial court erred by failing to terminate his spousal support while Darlene argues in her cross-appeal that the trial court erred in reducing the amount of spousal support. Because the assignments of error on the appeal and cross-appeal are interrelated, we discuss them together.
 {¶ 3} Virgil argues that the trial court incorrectly calculated his spousal support obligation, because, according to his calculations, Darlene's actual expenses are no more than $3,150 per month and she has the ability to generate $2,641 per month. Virgil maintains that the $509 difference can be overcome if Darlene reduces her expenses or becomes employed.
 {¶ 4} This Court applies an abuse of discretion standard when reviewing a trial court's decision concerning modification of spousal support. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. An "abuse of discretion" is more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Id. Absent a showing that a trial court abused its discretion, a decision regarding the modification of spousal will not be disturbed. Id. at syllabus.
 {¶ 5} R.C. 3105.18(A) states, in pertinent part, that "spousal support" means any payment or payments to be made to a spouse or former spouse that is both for sustenance and for support of the spouse or former spouse. The party who seeks a reduction of spousal support carries the burden of showing that a reduction is warranted. Reveal v. Reveal
(2003), 154 Ohio App.3d 758, 761; citing Haninger v. Haninger
(1982), 8 Ohio App.3d 286.
 {¶ 6} To modify an award of spousal support, the court must have jurisdiction. Since neither party disputes that Virgil's retirement satisfies the prerequisites for modification as specified in the decree, we find that the domestic relations court had jurisdiction to modify the award of spousal support.
 {¶ 7} The court must also determine that the circumstances of either party have changed. R.C. 3105.18(E). According to R.C. 3105.18(F), "a change in the circumstances of a party includes, but is not limited to, any increase or involuntary decrease in the party's wages, salary, bonuses, living expenses, or medical expenses." The change, though, cannot have been purposely brought about by the party seeking the modification. Roach v. Roach (1989), 61 Ohio App.3d 315, 319.
 {¶ 8} If a change in circumstances exists, the court must determine whether "the decree or a separation agreement of the parties to the divorce that is incorporated into the decree contains a provision specifically authorizing the court to modify the amount or terms of alimony or spousal support." R.C. 3105.18(E).
 {¶ 9} In 2003, after the divorce, Virgil was informed that his position at Federated was being eliminated. He ultimately negotiated a settlement agreement, in which he continued to receive his annual base salary of $130,500 until September 15, 2003. Additionally, he was paid $21,750 in severance pay, a $5,000 service bonus, and $13,551.92 for accrued vacation pay. In 2004, Virgil received $76,125 in severance pay and $24,000 as a cash bonus.
 {¶ 10} Virgil's current income consists of a monthly pension of $1,122, or $13,464 per year. He will also receive approximately $14,000 per year from his 401(K) as well as deferred compensation of $11,000 per year until 2007. He also has roughly $35,000 in stock options if he exercises them before 2007. Darlene was unemployed at the time of the divorce. Other than spousal support, her income consists of $665 per month from a Federated pension.
 {¶ 11} Prior to leaving Federated, Virgil was earning between $135,000 and $183,000 per year. Virgil testified that his income for 2004 would roughly be equivalent to his compensation in 2003. However, after his severance payments ended on June 15, 2004, his monthly income was approximately $3,205.33. While this drastic change in income did not begin to affect Virgil until 2005, the trial court, in finding a significant change in circumstances, noted that these payments were negotiated settlements upon his retirement and would not continue into the future. Additionally, the trial court stated that while Virgil's 2004 earnings were comparable to his past salary, he has officially retired from his job at Federated. The court, then, did not abuse its discretion in finding a change in circumstances.
 {¶ 12} Provided that the spousal support is modifiable, the next inquiry is whether spousal support is necessary, and if it is necessary, what amount is reasonable. Leighner v. Leighner (1986),33 Ohio App.3d 214, syllabus ¶ 1. R.C. 3105.18(C)(1) lists a number of factors to be considered "in determining whether spousal support is appropriate and reasonable[.]"[1]
 {¶ 13} After reviewing the record, we find that the trial court did not abuse its discretion by failing to terminate Virgil's spousal support. After weighing thee factors in R.C. 3105.18 (C)(1), the trial court significantly reduced Virgil's spousal support payments. The court found Darlene's monthly expenses total $3,775 per month, but that she is only able to generate $2,083.33 per month. The trial court also found that Virgil's monthly expenses totaled $3,775. The court, then, reduced Virgil's monthly spousal support from $3,150 to $1,691.67, the difference between Darlene's income and expenses.
 {¶ 14} Finally, we find no merit to Virgil's argument that when an ex-husband's retirement has reduced his income to the level of his need and an ex-wife's income has increased to meet the level of her need, a spousal support award should be terminated. This was a long term marriage with limited resources. The court made its decision after determining the need and income of each party, and concluded that Darlene's need exceeded her income. The court found that Darlene's current income and expenses did not warrant an elimination or greater reduction in spousal support. In considering the retirement benefits of each party under R.C.3105.18(C)(1), the trial court disregarded Virgil's claims that his wife, through all of her retirement benefits, could earn roughly $2,600. We cannot say that the trial court's decision was an abuse of discretion in light of the evidence.
 {¶ 15} In her cross-appeal, Darlene contends that the trial court abused its discretion when it modified her spousal support based on a future reduction of Virgil's income. Darlene maintains that Virgil's receipt of bonuses and severance pay kept his income equivalent to his earnings prior to retirement. She argues that circumstantiates have not yet changed. The trial court, though, noted that these payments were negotiated settlements upon his retirement and will not continue into the future. Additionally, the trial court stated that while Virgil's 2004 earnings were comparable to his past salary, he has officially retired from his job at Federated. The court found that Virgil's severance pay represented nine months of salary beginning on the date of the termination of appellant's full Federated benefits, which ended in September 2003, and that the last day of the severance pay was June 15, 2004. Accordingly, the court ordered that the modified spousal support award was to be effective on June 16, 2004, which is the effective beginning of the change in circumstances that warrant the reduction in spousal support. In light of these facts, we cannot say the trial court abused its discretion in finding that circumstances had changed.
 {¶ 16} Virgil's assignment of error is overruled.
 {¶ 17} Darlene's assignment of error on her cross-appeal is overruled.
Judgment affirmed.
Powell, P.J., and Young, J., concur.
[1] {¶ a} R.C. 3105.18(C)(1) states that the court should consider all of the following factors:
{¶ b} "(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;
{¶ c} "(b) The relative earning abilities of the parties;
{¶ d} "(c) The ages and the physical, mental, and emotional conditions of the parties;
{¶ e} "(d) The retirement benefits of the parties;
{¶ f} "(e) The duration of the marriage;
{¶ g} "(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
{¶ h} "(g) The standard of living of the parties established during the marriage;
{¶ i} "(h) The relative extent of education of the parties;
{¶ j} "(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
{¶ k} "(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
{¶ l} "(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
{¶ m} "(l) The tax consequences, for each party, of an award of spousal support;
{¶ n} "(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
{¶ o} "(n) Any other factor that the court expressly finds to be relevant and equitable."