[Cite as *Applegate v. Applegate*, 2013-Ohio-4532.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

|  |  |  |
|---|---|---|
| CLARK L. APPLEGATE, | : | |
| Plaintiff-Appellant, | : | CASE NO. CA2012-10-214 |
| | : | O P I N I O N |
| - vs - | | 10/14/2013 |
| | : | |
| PHYLLIS A. APPLEGATE, | : | |
| Defendant-Appellee. | : | |

APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. DR05030351

Fred S. Miller, Baden & Jones Bldg., 246 High Street, Hamilton, Ohio 45011, for plaintiff-appellant

Karen P. Meyer, 123 Boggs Lane, Cincinnati, Ohio 45246, for defendant-appellee

**PIPER, J.**

{¶ 1} Plaintiff-appellant, Clark Applegate (Husband), appeals a decision of the Butler County Court of Common Pleas, Domestic Relations Division, denying his request to modify the spousal support he pays defendant-appellee, Phyllis Applegate (Wife).

{¶ 2} After a 29-year marriage, Husband and Wife were divorced in 2006. The parties negotiated a settlement regarding what income figures would be used to determine spousal support. Husband was ordered to pay Wife, who was unemployed at the time of the

divorce, $2,900 per month in spousal support based on Husband's salary of $110,000 and Wife's imputed income of $40,000. The trial court retained jurisdiction to modify the term and amount of spousal support.

{¶ 3} At the time of the parties' divorce, Wife received assets and retirement accounts totaling approximately $267,000, as well as the marital residence. Husband purchased land and built a new home on the property, and also maintained the rest of the retirement accounts not awarded to Wife. Both Husband and Wife have received inheritances in the years since the divorce, with Wife receiving lump-sum inheritances from her Mother's estate and Husband receiving annual payments from a family trust, which in 2011 totaled $13,441.96.

{¶ 4} Husband's annual income has fluctuated since 2006, and he is no longer earning as much overtime as he has in the past. Husband's 2006 salary was $119,826.35, while his 2011 income was $119,300. Husband testified that his 2012 annual income of $122,000 included a 1.9 percent raise from 2011, and that each year thereafter, he would receive a 1.9 percent raise. Wife is still unemployed, as she suffers from several health problems that make working difficult. Wife was diagnosed with cardiac arrhythmia, uterine cancer, as well as neuropathy in her hands and feet, which makes it difficult for her to stand or lift heavy objects. Wife has applied for six jobs since the time of the divorce, but she had been unable to find employment in the nursing field in which she was trained.

{¶ 5} Husband moved the court to terminate or reduce his spousal support. The matter proceeded to a hearing before a magistrate, at which Husband and Wife testified and presented evidence. At the time of the hearing, Husband was 62 years old and Wife was 60 years old. The magistrate ordered Husband to continue paying Wife spousal support, but decreased the award to $2,300 per month after finding that there had been a change in circumstances in Husband's salary. Both Husband and Wife filed objections to the

magistrate's decision, and the trial court considered the matter. The trial court overruled the magistrate's decision, and ordered Husband to continue paying Wife $2,900 per month in spousal support. Husband now appeals the trial court's decision, raising the following assignment of error.

{¶ 6} THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF-APPELLANT WHEN IT REFUSED TO MODIFY HIS SPOUSAL SUPPORT OBLIGATION.

{¶ 7} Husband argues in his assignment of error that the trial court erred by overruling the magistrate's order decreasing spousal support and by ordering him to continue paying Wife $2,900 per month in spousal support.

{¶ 8} A trial court has broad discretion in determining a spousal support award, including whether or not to modify an existing award. *Burns v. Burns*, 12th Dist. Warren No. CA2011-05-050, 2012-Ohio-2850, ¶ 17. Thus, absent an abuse of discretion, a spousal support award will not be disturbed on appeal. *Id.* An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Id.*; *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219 (1983).

{¶ 9} In exercising its discretion to modify a spousal support award, the trial court must determine: "(1) that the divorce decree contained a provision specifically authorizing the court to modify the spousal support, and (2) that the circumstances of either party have changed." *Strain v. Strain*, 12th Dist. Warren No. CA2005-01-008, 2005-Ohio-6035*,* ¶ 11; R.C. 3105.18(E).[1] Additionally, the change in circumstances must be substantial, not purposely brought about by the moving party, and not contemplated at the time of the divorce decree. *Mandelbaum v. Mandelbaum,* 121 Ohio St.3d 433, 2009-Ohio-1222, ¶ 31-32. The party seeking to modify a spousal support obligation bears the burden of showing that the

---

1. R.C. 3105.18 has been amended and the changes became effective March 22, 2013. However, the trial court's and magistrate's decisions were rendered before the amendment became effective. Therefore, we will address the statute as it appeared at the time of judgment.

modification is warranted. *Hill v. Hill,* 12th Dist. Clermont Nos. CA2004-08-066, CA2004-09-069, 2005-Ohio-5370, ¶ 5.

**{¶ 10}** Husband argues that his spousal support obligation should have been decreased because (1) his salary has decreased due to the current economic conditions, (2) Wife received "a vastly disproportionate share of the parties' assets" at the time of the divorce; and (3) he is spending more than he earns on a monthly basis whereas Wife receives more money in spousal support than she needs to pay her expenses.

**{¶ 11}** Regarding Husband's salary, the record indicates that Husband no longer earns as much overtime as he has in the past. Husband testified that his company no longer offers overtime at the same rate it has in the past because of the negative state of the economy. However, Husband's submitted pay stub showed that he had actually earned some overtime for the year, which totaled $2,500 as of July 2012. While it is true that Husband's salary was slightly less in 2011 than it was in 2006, the record indicates that Husband was set to earn $122,000 for 2012, and had earned $119,300 in 2011, both figures being greater than the $110,000 figure used to establish the spousal support order in 2006.[2] Husband's salary adjustment is therefore not a change of circumstances from those that existed at the time spousal support was originally ordered.

**{¶ 12}** Husband also asserts that his spousal support order should be decreased because Wife received a large amount of assets at the time of the divorce. However, Husband is attempting to challenge the property distribution reached at the time of the divorce, which is improper.[3] The record indicates that the parties negotiated the division of

---

2. The magistrate stated in its written decision that Husband earned $116,348.79 as of December 4, 2011. Husband testified that $119,300 was his gross salary for 2011. Regardless of the exact dollar amount earned by Husband in 2011, either amount exceeds the $110,000 agreed upon by the parties at the time spousal support was established.

3. Husband also suggests that Wife's receipt of the marital assets has permitted her to increase her savings since 2006. However, there is no indication in the record that Wife's saving for retirement was not anticipated at the time of the divorce.

assets and debts at the time of their divorce. During the hearing, the following exchange occurred during Husband's cross-examination.

[Q] The – the divorce ended with an agreement. Is that correct?

[A] Yes.

[Q] Okay, um, so the $40,000 imputed income and especially given the nature of your job and your employment, I'm sure you knew well about that when you signed and were aware that she was being imputed $40,000, correct?

[A] Yes.

[Q] Okay, um, you knew about the division of the retirement accounts, correct?

[A] Yes.

[Q] Okay, you knew about the spousal support amount obviously?

[A] Yes.

[Q] And you knew that she was getting the house with very little comparatively [sic] debt, correct?

[A] Yes.

[Q] All right, and those are still all things you signed off on along with spousal support?

[A] Yes.

{¶ 13} Husband's arguments regarding what Wife received as assets because of the divorce do not show that any unforeseen circumstances have occurred since the time of the divorce. The time to properly challenge the property distribution was by direct appeal of the divorce decree, not in a motion to modify spousal support.

{¶ 14} Regarding Husband's monthly expenses, the trial court noted that Husband has "considerable financial assets," including his annual salary and income from a family trust.[4]

---

4. Husband argues that the trial court took into consideration his inheritance while disregarding Wife's. However, the trial court specifically noted in its decision that "both parties have received inheritances."

Husband submitted evidence of his monthly expenses, which includes a mortgage for the new home that Husband chose to purchase after the divorce.[5] While it is true that Husband may not have a large amount of money left over at the end of each month, Husband testified that he has made choices regarding his finances that have placed him in his current position, including paying extra toward his mortgage on a monthly basis, making an extra voluntary contributions of $897 and $458 per month to his 401K retirement accounts, and providing assistance for his adult children.[6] Moreover, Husband's retirement accounts continue to grow by virtue of his continued employment, and he continues to receive an annual salary. Wife, on the other hand, has been unable to obtain employment due to her medical issues, and she relies solely upon her spousal support to meet her expenses and save for the future. Also, Wife's income has never exceeded or even approached the $40,000 imputed to her at the time of the original spousal support order.

{¶ 15} Having reviewed the record, we conclude the trial court did not abuse its discretion in finding that Husband failed to prove that a change of circumstances warrants the revocation or downward deviation in spousal support. As such, Husband's assignment of error is overruled.

{¶ 16} Judgment affirmed.

RINGLAND, P.J., and M. POWELL, J., concur.

---

5. Husband testified that the house was recently assessed at $380,000 and that he owes approximately $120,000 on the mortgage. Husband testified that his goal is to pay off the mortgage before he retires, and that he has made extra payments of $621 per month to pay down the principal.

6. Husband testified that he gave $10,000 to his daughter so that she could make a down payment on a house, and that he gave $3,700 to his son to help him move to Sweden.