[Cite as *Samblanet v. Samblanet*, 2013-Ohio-5768.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| KEVIN P. SAMBLANET, | : | CASE NO. CA2013-03-040 |
| Plaintiff-Appellee, | : | |
| | : | O P I N I O N<br>12/30/2013 |
| - vs - | : | |
| | : | |
| DEBRA B. SAMBLANET, | : | |
| Defendant-Appellant. | : | |

APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. DR10030280

Fiehrer & Fritsch, LLC, Lawrence P. Fiehrer, First Financial Bank Building, 300 High Street, Suite 550, Hamilton, Ohio 45011, for plaintiff-appellee

Caparella-Kraemer and Associates, LLC, Bradley M. Kraemer and Courtney N. Caparella-Kraemer, 4841A Rialto Road, West Chester, Ohio 45069, for defendant-appellant

**M. POWELL, J.**

{¶ 1} Defendant-appellant, Debra Samblanet (Wife), appeals a decision of the Butler County Court of Common Pleas, Domestic Relations Division, denying her motion to modify the amount of spousal support she receives from plaintiff-appellee, Kevin Samblanet (Husband).

{¶ 2} After a 28-year marriage, the parties were divorced by decree on December 20,

2010. At the time of the divorce, Husband was 51 years old and employed as a music director for a Catholic church, earning an annual income of $66,866.67; Wife was 53 years old and unemployed.[1] Wife was employed at the beginning of the parties' marriage but by mutual agreement, became a stay-at-home mother after the birth of the parties' third child. She eventually re-entered the workforce as a part-time substitute teacher; her last year of reported income was 2001, in the amount of $301.

{¶ 3} During the divorce proceedings, the parties were unable to reach an agreement on the issue of spousal support. Wife asserted that as a result of physical, mental, and emotional conditions, she was disabled and therefore unable to earn any income. Husband asserted that Wife was employable and could earn $30,000 annually. In support of his argument, Husband presented the testimony of Howard Caston, a rehabilitation counselor who had evaluated Wife.

{¶ 4} In support of her argument, Wife presented the testimony of Dr. Gregory L. Savage, her then primary care physician. Dr. Savage testified that based upon Wife's then physical and emotional condition, she was incapable of gainful employment. Dr. Savage testified that Wife was suffering from depression, arthritis in her hands, joints, and knees, and undiagnosed back pain. With regard to her physical condition, Wife asserted she was unable to work due to back pain and corresponding leg pain. With regard to her nonphysical conditions, testimony was presented that Wife's emotional instability stemmed from Husband's predilection for pornography and his verbal and nonphysical contact bullying.

{¶ 5} By decision filed on October 18, 2010, the trial court found that Wife was voluntarily unemployed, imputed income to her, and awarded her spousal support as follows:

---

1. We note that the facts in this opinion describing the parties' employment and financial situation during the divorce proceedings and their arguments on the issue of spousal support at that time, are based solely on the trial court's decision filed on October 18, 2010. While the trial court held a hearing on October 5, 2010, there is no transcript of that hearing in the record.

While the court does not doubt [Wife] has some emotional, mental, and physical health issues, the court is not convinced these conditions are disabling. [Wife's] failure to embrace treatment therapies, diagnostic testing, and general rejection of physician's orders is troubling.

While the court does not find her emotional, mental, and physical condition disabling, the court does not find credible Mr. Caston's testimony that an individual, who has been out of the job market some twenty-eight years has the ability to re-enter the workforce earning $30,000.00 annually.

There is no dispute [Wife] has a Bachelors Degree in Business Administration however, there is no work experience underpinning the decree. [sic] * * *

The court finds [Wife] is voluntarily unemployed and finds credible the ability to earn minimum wage, $15,080.00 annually. While the court believes [Wife] is employable and capable of earning $15,080.00, this is a marriage of long duration and regardless of her employability earning minimum wage she is 53 years old. It is unlikely that she will advance her earning capacity to equal [Husband's].

Regardless of fault, the parties agreed after the birth of their third child that she should become a stay at home mother. As a result her economic production has suffered. Given the marriage of long duration and her limited ability to earn commensurate to [Husband's] the court finds it appropriate and reasonable to award [Wife] spousal support.

The trial court ordered Husband to pay Wife $1,953.67 a month in spousal support. The trial court retained jurisdiction over the amount and terms of spousal support. Wife did not appeal or otherwise challenge the trial court's determination that Wife was voluntarily unemployed and able to work.

{¶ 6} On May 16, 2012, Wife moved the trial court to modify the spousal support order set forth in the divorce decree. Wife asserted that "[her] physical and emotional conditions * * * now make it impossible for her to work. [Wife] is requesting this Court no longer impute income to her" for purposes of spousal support calculation. A hearing on the motion was held before a magistrate on October 31 and November 14, 2012.

{¶ 7} Kenneth J. Manges, Ph.D., a psychologist and vocational specialist, testified on behalf of Wife. Dr. Manges testified that based on his one-hour interview with Wife, an analysis of Wife's responses to three different tests, and a review of medical records provided by Wife, Wife had a 95 percent vocational disability and was unable to work at all. Dr. Manges explained that although Wife had the intellectual and academic ability to work, she was suffering from a major depressive disorder, and as a result, was too psychologically overwhelmed to function in a typical work setting in a reliable and consistent manner. Dr. Manges further testified that if Wife did not suffer from depression, "a sit-down job is something she could do physically." Dr. Manges also testified that Wife was "aimless" with regard to wanting to overcome her mental health condition.

{¶ 8} Wife testified she suffers from arthritis, leg and back pain, and depression. Wife testified she has severe pain whenever she sits down or walks for more than 15-20 minutes, and that she can do activities as long as she does them lying down or leaning to the side. With regard to her depression, Wife testified she has crying bouts and very poor concentration; she last received counseling for her condition in December 2010; and she can no longer afford counseling as she has been without health insurance since December 2010. As a consequence, Wife testified she was unemployed and unable to work.

{¶ 9} With regard to her employment attempts, Wife testified that she did not try to find a job between December 2010 (when the divorce decree was filed) and June 2011 but did not explain why, and that she last looked for a job in June 2011. She testified she found an online writing job in June 2011 but was unable to do it for more than a week because it required a lot of typing which she could not do while lying down. Wife also testified she could not find a job between June 2011 and January 2012 because she first had pertussis and then helped her daughter recover from surgery. She did not look for a job after January 2012 but did not explain why.

{¶ 10} During the hearing, Wife admitted she had been able to sit for an hour and 20 minutes by leaning over and keeping pressure off her right side. Wife also testified that in order to attend the hearing, she and her daughter drove from Missouri (where Wife now lives) to Ohio; they only stopped twice during the six-hour drive; she can lie down on the backseat for up to an hour; and when she is in the front seat, she has a "back aid" and sits on a special cushion.

{¶ 11} On January 4, 2013, the magistrate denied Wife's motion to modify spousal support on the ground that Wife had failed to show that a material change in circumstances had occurred since the divorce decree. Specifically, the magistrate found that while Dr. Manges testified Wife was unable to work, "at no point did he testify or offer any opinion on how [Wife's] current medical or psychological conditions were in any way materially different from those she suffered at the time of the divorce when [Wife] and * * * Dr. Savage also claimed she [had] a medical inability to work."

{¶ 12} The magistrate also found that Dr. Manges' opinion was not credible because it was "based on a single in-person interview with [Wife], an analysis of her responses to several 'self-administered' tests, and a review of medical records [Wife] herself supplied. However, [Wife]'s expert admitted the medical records make no reference to [Wife] being medically, or otherwise, unable to work." The magistrate further noted that most of the medical records submitted by Wife dated from late 2010 and early 2011, which coincided with the divorce decree and its finding Wife was capable of working at a minimum wage level.

{¶ 13} Finally, the magistrate noted that by her own testimony, Wife was able to live alone, cook, do light cleaning, drive, grocery shop, and "otherwise function independently of anyone helping her with her daily activities. She has been performing these activities since before the time of the divorce and there was no testimony that her ability to do so has materially changed."

{¶ 14} Wife filed objections to the magistrate's decision. On February 25, 2013, the trial court overruled Wife's objections and adopted the magistrate's decision.

{¶ 15} Wife appeals, raising one assignment of error:

{¶ 16} THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY FINDING THAT APPELLANT FAILED TO MEET HER BURDEN IN ESTABLISHING A SUBSTANTIAL CHANGE OF CIRCUMSTANCES.

{¶ 17} Wife argues the trial court erred in finding there was no substantial change in circumstances to warrant an increase in the amount of spousal support she receives. Wife asserts that Dr. Manges' testimony that she is 95 percent vocationally disabled, the fact that 18 months after the divorce decree, "her condition has worsened and it is impossible for her to work," and "her being unable to obtain employment" clearly show a substantial change in circumstances.

{¶ 18} A trial court has broad discretion in determining a spousal support award, including whether or not to modify an existing award. *Applegate v. Applegate*, 12th Dist. Butler No. CA2012-10-214, 2013-Ohio-4532, ¶ 8. Thus, absent an abuse of discretion, a spousal support award or modification will not be disturbed on appeal. *Id.*

{¶ 19} In exercising its discretion to modify a spousal support award, a trial court must determine that (1) the divorce decree contained a provision specifically authorizing the court to modify the spousal support, and (2) the circumstances of either party have changed. *Id.* at ¶ 9; R.C. 3105.18(F).[2] The change in circumstances must be (1) substantial, making the existing award no longer reasonable and appropriate, (2) not purposely brought about by the moving party, and (3) not contemplated by the parties or the court at the time the parties

---

2. R.C. 3105.18 has been amended and the changes became effective March 22, 2013. However, the trial court's and magistrate's decisions were issued before the amendment became effective. Therefore, we will address the statute as it appeared at the time of the judgment. *Applegate*, 2013-Ohio-4532 at fn. 1.

entered into the prior agreement. *Applegate* at *id.*, citing *Mandelbaum v. Mandelbaum*, 121 Ohio St.3d 433, 2009-Ohio-1222, ¶ 31-32; R.C. 3105.18(F). Mere trifling or temporary changes do not warrant modification. *See Smedley v. Smedley*, 2d Dist. Montgomery No. 15017, 1995 WL 634359 (Sept. 27, 1995). The party seeking modification of a spousal support obligation bears the burden of showing that the modification is warranted. *Applegate* at ¶ 9.

{¶ 20} Upon reviewing the record, we conclude the trial court did not abuse its discretion in finding that Wife failed to prove that a substantial change in circumstances occurred after the divorce decree warranting a modification of spousal support.

{¶ 21} The divorce decree was filed on December 20, 2010. At the time of the divorce proceedings in 2010, and again when she moved to modify the spousal support order in 2012, Wife alleged she was unable to work due to physical, mental, and emotional conditions. At the time of the divorce proceedings, Wife was suffering from depression, arthritis in her hands, joints, and knees, leg pain, and undiagnosed back pain. At the time of the hearing on her motion two years later, Wife continued to suffer from depression, arthritis, leg pain, and back pain. By then, however, the cause of her back pain had been diagnosed as resulting from discs issues and herniation.

{¶ 22} Medical records submitted by Wife at the hearing on the motion, and which were reviewed by Dr. Manges, show that Wife has been suffering from anxiety for over 20 years, from depression for more than 10 years, and from back pain since May 2009. The existence of numbness and tingling in her legs were noted by her current primary care physician in November 2010. On appeal and at the hearing on her motion, Wife claimed her conditions were now worse but failed to explain how. While during the hearing Wife described the pain she suffers as a result of her arthritis and leg and back pain, the physical impact it has on her daily life, and her current emotional condition, she did not explain how

those conditions were materially different from those she suffered at the time of the divorce. Likewise, Dr. Manges did not testify that Wife's current conditions were materially different from those suffered at the time of the divorce, or how they would be materially different. Wife's medical records do not show a material change in circumstances since the divorce decree.

{¶ 23} By her own admission, Wife has made very little attempts to find employment in the months and years following the divorce decree, and when she found an online writing job in June 2011, performed it for only a week. As the trial court noted, Wife's medical records fail to show, and Dr. Manges so conceded, that Wife is medically or otherwise unable to work. While Dr. Manges testified Wife was 95 percent vocationally disabled, there is no evidence as to what the percentage was at the time of the divorce decree. In addition, by her own admission, although she is routinely helped by one of her daughters, Wife lives alone and is able to function independently and care for a pet with medical issues.

{¶ 24} In light of the foregoing, given Wife's failure to prove a substantial change in circumstances since the divorce decree, we find the trial court did not abuse its discretion in denying Wife's motion to modify spousal support. Wife's assignment of error is overruled.

{¶ 25} Judgment affirmed.

RINGLAND, P.J., and PIPER, J., concur.